IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANNETTE SOTO-SANTINI,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, BANCO POPULAR DE PUERTO RICO, IVÁN ALONSO COSTA, DUNCAN R. MALDONADO-EJARQUE, OFICINA DEL COMISIONADO DE INSTITUCIONES FINANCIERAS AND AUTORIDAD DE FINANCIAMIENTO DE LA VIVIENDA,<br><br>    Defendants. | CIV. NO.: 22-1405 (SCC) |

**OPINION AND ORDER**

Defendant Puerto Rico Housing Finance Authority ("PRHFA")[1] has moved the Court to dismiss the captioned case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 41(b). Docket No. 41. PRHFA's motion stands unopposed.[2] For the reasons set forth below, the motion is GRANTED and this case is dismissed.

---

[1] Defendant PRHFA was identified by Plaintiff Jeannette Soto-Santini ("Plaintiff Soto-Santini") in the Complaint by its name in Spanish, to wit, "Autoridad de Financiamiento de la Vivienda."

[2] The motion was filed on March 12, 2023, meaning that, Plaintiff Soto-Santini's response was due on or before March 27, 2023. *See* Local Rule 7(b). Plaintiff Soto-Santini did not file a response on or before that date and the record shows that she did not request an extension of time to file one.

SOTO-SANTINI v. COMMONWEALTH et al.                                                           Page 2

## I. DISCUSSION

Before diving into PRHFA's motion, a quick refresher is in order. On November 30, 2022, the Court, *inter alia*, granted Defendants Oficina del Comisionado de Instituciones Financieras ("OCIF"), Banco Popular de Puerto Rico ("BPPR") and the Commonwealth of Puerto Rico's (the "Commonwealth") requests to quash service of summons. Docket No. 20. The Court determined that because Plaintiff Soto-Santini effected her own service of process when she mailed the summons and complaint via certified mail, service was improper. *Id.* But because the Court understood that the defect could be cured, instead of dismissing the case pursuant to Federal Rule of Civil Procedure 12(b)(5), the Court merely quashed Plaintiff Soto-Santini's defective service and instructed her to file proposed summons by December 16, 2022. *Id.* at pg. 5. Once summons were issued, she would then have thirty (30) days to properly serve all the Defendants in this case. *Id.*

Plaintiff Soto-Santini failed to comply with the December 16th deadline. She did, however, file several motions on December 5, 2022. *See* Docket No. 21-25. Those motions were addressed in an Omnibus Order entered on December 21, 2023.

SOTO-SANTINI v. COMMONWEALTH et al.                  Page 3

*See* Docket No. 28. Some of those matters were deemed moot because they were previously addressed in the Court's Order at Docket No. 20. Further, the Court denied her request for additional time to retain a "federal litigation attorney" because she did not specify if she intended to retain an attorney to represent her in this case or in another case that she continued to mention in her filings. *Id.* at pg. 2.[3] But more importantly, out of an abundance of caution, the Court extended Plaintiff Soto-Santini's deadline to comply with the directive to file new proposed summons and properly serve all the Defendants in this case. *Id.* The Court, however, explicitly warned Plaintiff Soto-Santini that if she failed to comply with the new deadline, her case could be dismissed because she had yet to properly serve the Defendants. *Id.* at pg. 3. Having gone over these points, the Court turns to PRHFA's motion.

PRHFA confirms that it received the summons issued by the Clerk of Court. *See* Docket No. 41 at pg. 2, ¶ 2. But it contends,

---

[3] The Court also pointed out that if Plaintiff Soto-Santini was interested in having Court appointed counsel she could move the Court accordingly. Docket No. 28 at pg. 2 n. 1. The Court even included a link to the Local Rules of this District which lay out the procedure regarding the appointment of *pro bono* counsel. But it appears Plaintiff Soto-Santini opted to ignore this information for currently, no such request, or even a renewed request for extension of time to hire legal representation for this specific case, is pending before this Court.

SOTO-SANTINI v. COMMONWEALTH et al.                            Page 4

just as BPPR, OCIF and the Commonwealth did in their respective motions to quash at Docket Nos. 10, 11 and 16, that service was insufficient because Plaintiff Soto-Santini effected her own service. *Id.* at ¶¶ 2, 3 and 8. PRHFA also argues that it was not served with process in accordance with Federal Rule of Civil Procedure 4(j)(2).[4] *Id.* at ¶¶ 4-8. And so, for those reasons, PRHFA avers that dismissal is proper.

Since PRHFA is challenging the service of process, Plaintiff Soto-Santini bears the burden of proving proper service. *Rivera-López v. Mun. of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). As previously noted, Plaintiff Soto-Santini did not respond to PRHFA's challenge. And while the Court acknowledges that in one of the many motions filed by Plaintiff Soto-Santini after the Court's orders at Docket Nos. 20 and 28, she represented that a nonparty, Mr. José A. Reyes "sent all Summons Notifications," *see* Docket No. 35 at pg. 1, the Court cannot corroborate her claim, for she did not provide any evidence, other than this

---

[4] That rule states in pertinent part that "[a] state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (b) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. FED. R. CIV. P. 4(j)(2).

SOTO-SANTINI v. COMMONWEALTH et al.                                              Page 5

blanket statement, to show that Mr. Reyes had effected service. Instead, the evidence marshaled by PRHFA, *see* Docket No. 41-1, supports its contention that it was not properly served since, just as the summons submitted by BPPR and the Commonwealth, *see* Docket Nos. 11-1 and 13-2 at pgs. 5-6, Plaintiff Soto-Santini's signature appears on the "server's signature" line. *See* Docket No. 41-1 at pg. 4.

Here, Plaintiff Soto-Santini was tasked with coming forward with some evidence showing that Mr. Reyes or any other nonparty properly served PRHFA. She did not do so and she cannot feign ignorance to this requirement since the Court specifically informed her that she bore the burden of showing that service was in fact proper once the sufficiency of service was challenged and that she could not effect her own service. *See* Docket Nos. 20 and 28. Therefore, the Court finds that dismissal without prejudice of Plaintiff Soto-Santini's claims against PRHFA is proper pursuant to Rule 12(b)(5). [5]

---

[5] It is worth noting that, PRHFA's motion requests, in the alternative, that the Court quash the service of process if it decides that dismissal is not proper. Docket No. 41. While it is within the Court's discretion to quash the service of process instead of dismissing the instant case, *see Ramírez de Arellano v. Colloides Naturels Int'l,* 236 F.R.D. 83, 85 (D.P.R. 2006), in its orders at Docket Nos. 20 and 28, the Court afforded Plaintiff Soto-Santini additional time to file new summons and to properly serve all the Defendants in this case, but she did not do so. Instead, she opted to file a plethora of motions,

SOTO-SANTINI v. COMMONWEALTH et al.                                                        Page 6

PRHFA also argued in favor of dismissal pursuant to Rule 41(b). That rule allows the Court to dismiss an action due to a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or any order issued by the Court. *See* FED. R. CIV. P. 41(b). Such course of action is usually "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" *See Benítez-García v. González-Vega,* 468 F.3d 1, 4 (1st Cir. 2006) (quoting *Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir. 1987)). Further, Rule 41(b) generally applies when a defendant files a motion invoking that rule and seeking dismissal, but "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in FED. R. CIV. P. 41(b)." *Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor,* 312 F.3d 522, 525-26 (1st Cir. 2002).

In this case, PRHFA has also moved for dismissal under

---

which are admittedly rather hard to follow, including accusations regarding how certain judges have allegedly mishandled her cases. Therefore, because she failed to comply with the Court's directive and given the reasons explained in this Opinion and Order, instead of quashing the service of process, the Court finds that dismissal is proper.

Rule 41(b). At Docket Nos. 20 and 28, the Court ordered Plaintiff Soto-Santini to comply with certain deadlines. She was also warned that her noncompliance could result in the dismissal of her case. Docket No. 28 at pg. 3. And while the record shows that she has been actively filing motions in this case, they are not responsive to the Court's directive. Therefore, given Plaintiff Soto-Santini's noncompliance with the Court's orders at Docket Nos. 20 and 28 and her failure to properly serve the Defendants in this case, the Court also finds that dismissal without prejudice is warranted as to all the Defendants in this case pursuant to Rule 41(b).

There is one loose end: Plaintiff Soto-Santini's Notice of Appeal at Docket No. 37. Generally, "the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998) (quoting *United States v. Mala*, 7 F.3d 1058, 1061 (1st Cir. 1993)). But there are exceptions to that general rule because "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case," a district court may

SOTO-SANTINI v. COMMONWEALTH et al.                                      Page 8

retain authority over the case. *Id.* at 456.

In her Notice of Appeal, Plaintiff Soto-Santini announces that she is contesting this Court's Order at Docket No. 28. On April 3, 2023, the First Circuit instructed Plaintiff Soto-Santini to "move for voluntary dismissal of [her] appeal pursuant to FED. R. APP. 42(b), or to show cause, in writing why [her] appeal should not be dismissed for lack of jurisdiction," given that the order that she is challenging "does not appear to be final or appealable on an interlocutory basis" and so the First Circuit "does not appear [to] have jurisdiction to review [her] appeal." *See* Order of Court, *Soto-Santini v. Commonwealth of Puerto Rico et al.*, No. 23-1193 (1st Cir. Apr. 3, 2023). The April 3, 2023 order further notified Plaintiff Soto-Santini that should she fail to comply with that directive by April 17, 2023, her appeal would be dismissed for lack of prosecution. *Id.*

The deadline imposed by the First Circuit has expired.[6] And while the First Circuit has yet to dismiss Plaintiff Soto-Santini's appeal, it is difficult for the Court to comprehend how the order

---

[6] The record shows that, Plaintiff Soto-Santini filed two motions (after the deadline expired), but they do not seem to be responsive to the First Circuit's directive and in any event, appear to support the dismissal of the appeal. *See* Motion to Request Cancel Appeal and Motion Ruling Law a Choice of Law Clause, *Soto-Santini v. Commonwealth of Puerto Rico et al.*, No. 23-1193 (1st Cir. May 1, 2023).

| SOTO-SANTINI v. COMMONWEALTH et al. | Page 9 |
|---|---|

at Docket No. 28 could be construed as an appealable interlocutory order or a final judgment that would allow the First Circuit to exercise its appellate jurisdiction. To that end, the Notice of Appeal does not preclude the Court from dismissing Plaintiff Soto-Santini's suit.

## II. CONCLUSION

Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE. Some parting words: Plaintiff Soto-Santini is encouraged to review the documents and instructions included in the District of Puerto Rico's webpage regarding *pro se* litigants. That information can be accessed at https://www.prd.uscourts.gov/pro-se-forms. The webpage includes, *inter alia*, a link to the *Pro Se* Litigant Guidebook. She is also encouraged to consider retaining counsel prior to filing another suit or to look into the Court's *pro bono* program.[7]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of May 2023.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[7] The Court previously informed Plaintiff Soto-Santini that should she be interested in obtaining *pro bono* counsel, she should consider the Court's *pro bono* program. *See supra* note 3.